1  SHARON L. NELSON
   Nevada Bar No. 6433
2  NELSON LAW
   8430 W. Lake Mead Blvd, Suite 100
3  Las Vegas, Nevada 89128
   Telephone:    (702) 247-4529
4  Facsimile:    (702) 737-4529
   *snelson@nelsonlawlv.com*
5  Attorneys for Plaintiff
   SALLIE SHANNON CHAPMAN
6

7                    **UNITED STATES DISTRICT COURT**

8                           **DISTRICT OF NEVADA**

| | |
|---|---|
| SALLIE SHANNON CHAPMAN, individually and on behalf of all others similarly situated, | Case No.: |
| | **PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS** |
| Plaintiff, | |
| vs. | **[JURY TRIAL DEMANDED]** |
| FERTITTA ENTERTAINMENT, INC., FERTITTA ENTERTAINMENT HOLDINGS, LLC, FERTITTA HOSPITALITY, LLC, LANDRY'S INC., GOLDEN NUGGET INC. dba GOLDEN NUGGET LAS VEGAS, | |
| Defendants. | |

Plaintiff, Sallie S. Chapman (hereinafter referred to as "Plaintiff"), by and though her undersigned counsel, and for her Complaint against Fertitta Entertainment, Inc., Fertitta Entertainment Holdings, LLC, Fertitta Hospitality, LLC, Landry's Inc., and Golden Nugget Inc. dba Golden Nugget Las Vegas (hereinafter referred to as ("Defendant companies"), hereby alleges and complains as follows:

//

//

## INTRODUCTION

1. That at all times relevant herein, Plaintiff has been a resident of the State of Nevada.

2. Plaintiff brings this collective action pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA") on her own behalf and on behalf of similarly situated employees of Defendant companies.

3. That at all times relevant herein, on information and belief, Defendant companies either individual or through respective subsidiary or affiliates own and operate casino properties including the Golden Nugget Las Vegas.

4. That at all times relevant herein, Defendant companies have conducted business in the State of Nevada.

5. Plaintiff and all similarly situated employees held "casino host" positions, which Defendant companies misclassified as exempt, and were not compensated for work in excess of forty (40) hours a week.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. §1331 because the allegations contained herein pertain primarily to violations of federal statutes.

7. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as any state law claim is related to the other claims in this action over which the Court has original jurisdiction.

8. Venue is proper pursuant to 28 U.S.C. §1391 because Defendant companies transact business in this district either directly or through a wholly owned subsidiaries or

affiliates. Plaintiff was employed by Defendant companies in this district and a substantial portion, if not all events giving rise to the claims asserted herein occurred in this district.

**PARTIES**

9. Plaintiff Sallie S. Chapman is a resident of the State of Nevada who was employed by Defendant companies as a casino host from May 1991[1] through December 2014.

10. Plaintiff consistently worked in excess of forty (40) hours weekly for Defendant companies but did not receive overtime compensation and was misclassified as exempt.

11. The class of employees similarly situated to Plaintiff (hereinafter referred to as "the Class") includes those persons employed by Defendant companies as casino hosts from or after December 2011 who worked in excess of forty (40) hours weekly but did not receive overtime compensation.

12. Defendant companies are employers within the definitions of the federal laws upon which Plaintiff's claims are based.

**FACTS**

13. From 1991 to 2014 Plaintiff was employed as a casino host at the Golden Nugget Las Vegas, a casino property owned by Defendant companies.

14. While Plaintiff was so employed, the job duties of a casino host included telemarketing, entering data into the computer system, making reservations and customer service.

15. Customer service included the provision of a wide variety of services including constant availability to casino guests either while on property or via a company issued cell phone.

---

[1] Plaintiff was assigned to the Golden Nugget Las Vegas which was owned by entities other than Defendant companies during portions of Plaintiff's employment.

16. Defendant companies paid Plaintiff a base salary of approximately $52,000 annually. Plaintiff was also paid a quarterly production bonus. Plaintiff did not earn more than $60,000 annually.

17. The Golden Nugget Las Vegas operated twenty-four hours a day, seven days a week. Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week at the Casino and required casino hosts to be on call even when not scheduled to be present at the casino.

18. Defendants expected Plaintiff to accept calls from casino guests on her company issued cell phone and to provide service to those guests on days when she was not at the casino.

19. Plaintiff typically received calls and performed work during days she was not at the casino.

20. Plaintiff did not receive overtime pay. Defendant companies misclassified Plaintiff's "casino host" position as exempt from overtime requirements of the FLSA, even though the job duties of that position did not meet the requirements of any statutory exemption.

21. On information and belief, in addition to the Golden Nugget Las Vegas, Defendant companies own other casinos in Nevada and nationwide including locations in Atlantic City and Biloxi.

22. On information and belief, Defendant companies employ casino hosts in each of these locations who perform job duties identical to those as assigned to Plaintiff.

23. Upon information and belief, there are approximately ten to fifteen (10-15) casino hosts at the Golden Nugget Las Vegas location and similar amounts at other properties. Defendant companies has likewise misclassified these casino hosts positions and there are past, current and future employees in these positions nationwide similarly situated to Plaintiff.

## FIRST CAUSE OF ACTION
(Collective Action For Overtime Pay-Fair Labor Standards Act)

24. Plaintiff incorporates by reference paragraphs 1-24 as though fully set forth herein.

25. Pursuant to 29 U.S.C. §216(b), Plaintiff brings this action on behalf of herself and a class of persons employed by Defendant companies on or after September 2012 who work or worked as casino hosts in excess of forty (40) hours weekly but did not receive overtime compensation (hereinafter referred to as the "Class").

26. Plaintiff is similarly situated to the Class in terms of job responsibilities, title and unpaid overtime claims.

27. Defendant companies practice and policy of misclassification applies to Plaintiff and members of the Class.

28. By failing to pay overtime wages to Plaintiff and the Class, Defendant companies have willfully violated §7 of the FLSA.

29. Plaintiff and the Class are entitled to recover overtime compensation, liquidated damages and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
(Unjust Enrichment – on behalf of Plaintiff only)

30. Plaintiff incorporates by reference paragraphs 1-30 as though fully set forth herein.

31. Defendant companies, in failing to pay overtime wages due and owing to Plaintiff, have unjustly retained money or property belonging to Plaintiff contrary to the fundamental principles of justice or equity and good conscience.

32. Plaintiff conferred the benefit of performing her work duties on Defendant companies who accepted and retained those benefits without payment.

33. As a direct and proximate result Defendants' conduct, Plaintiff has been injured and has suffered damages in excess of $10,000.00.

34. Plaintiff has been forced to hire legal counsel in this matter and thus should recoup her attorney's fees and costs.

### THIRD CAUSE OF ACTION
**(Conversion- on behalf of Plaintiff only)**

35. Plaintiff incorporates by reference paragraphs 1-35 as though fully set forth herein.

36. Defendant companies deliberately and wrongfully exerted dominion over property belonging to Plaintiff.

37. Specifically Defendants retained and failed to pay overtime wages to Plaintiff.

38. Defendants had no rights, claim or title to Plaintiff's overtime wages and the failure to pay such wages is therefore inconsistent with Defendants' alleged title or right to Plaintiff's overtime wages.

39. As a direct and proximate result Defendants companies willful, grossly negligent and/or fraudulent conduct, Plaintiff has been injured and has suffered damages in excess of $10,000.00, including punitive damages.

40. Plaintiff has been forced to hire legal counsel in this matter and thus should recoup her attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment in her favor against Defendant companies as follows:

**On behalf of Plaintiff individually and the Class:**

(1)     Unpaid overtime wages;

(2)     Liquidated damages;

(3)     Injunctive/Declaratory relief;

(4)     Interest calculated at the prevailing rate;

(5)     Attorney's fees and costs of suit incurred herein; and

(6)     For such other and further relief as the Court deems just and proper.

**On behalf of Plaintiff individually:**

(1)     For general damages;

(2)     For special damages;

(3)     For wages, salary, employment benefits and other compensation denied or lost;

(4)     For interest calculated at the prevailing rate;

(5)     For exemplary damages if appropriate;

(6)     Punitive damages for claims where such damages are allowed;

(7)     Attorney's fees and cost of suit incurred herein;

(8)     For such other and further relief as the Court deems just and proper.

DATED this 28th day of September 2015.

**NELSON LAW**

/s/ Sharon L. Nelson
SHARON L. NELSON
Nevada Bar No. 6433
8430 W. Lake Mead Blvd, Suite 100
Las Vegas, Nevada 89128
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff, by and through undersigned counsel, hereby demands trial by jury in the above captioned matter.

DATED this 28th day of September 2015.

                **NELSON LAW**

                /s/ Sharon L. Nelson
                SHARON L. NELSON
                Nevada Bar No. 6433
                8430 W. Lake Mead Blvd, Suite 100
                Las Vegas, Nevada 89128
                Attorneys for Plaintiff
                SALLIE SHANNON CHAPMAN