# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SALLIE SHANNON CHAPMAN, | |
| Plaintiffs, | Case No. 2:15-cv-01944-JAD-GWF |
| vs. | **ORDER** |
| FERTITTA ENTERTAINMENT, INC., *et al.,* | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Leave to File Exhibit 4 to Their Motion for Summary Judgment Under Seal (ECF No. 37), filed on November 9, 2016.

On November 10, 2016, the Court entered an Order (ECF No. 40) granting Defendants' motion. However, on November 28, 2016, the parties submitted a Stipulation and Order to Extend Time for Plaintiff to Respond to Defendants' Motion for Summary Judgment and Motion to File Exhibit #4 Under Seal (ECF No. 41). That same day, the District Court granted the Stipulation. In accordance with the Stipulation and Order, Plaintiff filed an Opposition (ECF No. 44) to Defendants' Motion to Seal on January 3, 2017. Defendants' filed a Reply (ECF No. 46) on January 25, 2017. Because the Court has already entered an Order granting Defendant's motion, the Court will treat Plaintiff's opposition as a de facto motion for reconsideration.

Courts "possess the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). "A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev.

2003). "'Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Id.* quoting *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). *See also McGowan v. Credit Management, LP*, 2015 WL 1886706, *3 (D.Nev. Apr. 23, 2015); *See also* Local Rule 59-1.

Defendants request leave to file Exhibit 4 to their Motion for Summary Judgment (ECF No. 36) under seal because is contains "confidential and proprietary business information concerning the methods and manner in which it issues complimentary ("comps") goods and services to certain guests of the Golden Nugget." *Motion* (ECF No. 37), 2:21–24. Plaintiff objects to the filing of Exhibit 4 under seal for several reasons. First, Plaintiff argues that Defendant has failed to safeguard Exhibit 4 by discussing it during Plaintiff's deposition and attaching it thereto. The deposition transcript (without the exhibits) was subsequently attached to Defendants' motion for summary judgment. Plaintiff also asserts that it is "implausible that any potential guest of Defendant would look at Exhibit 4 and feel slighted as argued by Defendant..." *Opposition* (ECF No. 44), pg. 4. In addition, Plaintiff argues that "Defendant has not shown that its business records are any more secret or private than any other relevant business records that are typically revealed in the course of litigation." *Id*. at pg. 4. For these reasons, Plaintiff believes that Defendants have not shown compelling reasons to seal Exhibit 4.

Upon review of Plaintiff's opposition and Defendants' reply, the Court stands by its prior decision to seal Exhibit 4 to Defendants' motion for summary judgment. As argued by Defendants, the information contained in Exhibit 4 is confidential and proprietary business information, the disclosure of which could allow Defendants' competitors to have an unfair advantage by luring guests away with comparable or greater value comps. This is akin to a trade secret that is typically information subject to protection from disclosure. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Defendants' interest in protecting their trade secrets outweighs the general public interest in the public filings and Defendants have not waived the confidential and proprietary nature of Exhibit 4. Accordingly,

. . .

. . .

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File Exhibit 4 to Their Motion for Summary Judgment Under Seal (ECF No. 37) is **granted**.

DATED this 1st day of February, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge